IN THE UNITED STATES DISTRICT COURT

OR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| ANTONIO P.F. DA CRUZ, | : | |
| Plaintiff, | : | |
| v. | : | Civ. No. 20-712-UNA |
| SHERATON SUITES, | : | |
| Defendant. | : | |

## MEMORANDUM

### I. INTRODUCTION

Plaintiff Antonio P.F. da Cruz ("Plaintiff") filed this action on May 28, 2020. (D.I. 2) He appears *pro se* and has been granted leave to proceed *in forma pauperis*. (D.I. 4)

### II. BACKGROUND

Plaintiff filed a petition for maintenance and extension of his self-isolation from the coronavirus in Wilmington, Delaware. (D.I. 2) The Court liberally construes the filing as an urgent motion for injunctive relief.

### III. LEGAL STANDARDS

A preliminary injunction is "an extraordinary remedy that should be granted only if: (1) the plaintiff is likely to succeed on the merits; (2) denial will result in irreparable harm to the plaintiff; (3) granting the injunction will not result in irreparable harm to the defendant; and (4) granting the injunction is in the public interest." *NutraSweet Co. v. Vit-Mar Enterprises, Inc.*, 176 F.3d 151, 153 (3d Cir. 1999) ("*NutraSweet II*"). These elements also apply to temporary restraining orders. *See NutriSweet Co. v. Vit-Mar Enterprises., Inc.*, 112 F.3d 689, 693 (3d Cir. 1997) ("*NutraSweet I*") (temporary restraining order continuing beyond time permissible under Rule 65 must be treated as

1

preliminary injunction, and must conform to standards applicable to preliminary injunctions). "[F]ailure to establish any element in [a plaintiff's] favor renders a preliminary injunction inappropriate." *NutraSweet II*, 176 F.3d at 153.

### IV. DISCUSSION

While unclear, it appears that Plaintiff filed this emergency motion in response to news that on June 1, 2020, Phase 1 of Delaware's economic recovery is scheduled to begin. It also appears that Plaintiff is presently provided food and housing by Defendant through an agreement with Delaware's Department of Health and Social Services. Plaintiff asks for a "maintenance and extension of self-isolation from the coronavirus." (D.I. 2 at 1) It seems that Plaintiff fears eviction by Defendant and wishes to remain housed in Delaware.

The Court must deny the emergency motion, and dismiss this case, for lack of jurisdiction. Plaintiff has not alleged any viable federal claims as required for jurisdiction under 28 U.S.C. § 1331. Nor are there allegations of diversity of citizenship as required for jurisdiction under 28 U.S.C. § 1332. Plaintiff's remedy, if any, appears to lie in State Court.

Although the Delaware Courts are themselves operating under restrictions due to the coronavirus pandemic, the State of Delaware's web-site provides a list of Court Contact Information During COVID-19 Emergency, a copy of which is attached to this Order. Alternatively, Plaintiff could mail his emergency complaint to New Castle County, Justice of the Peace Court 11, 2 Penns Way, Suite 100A, New Castle, Delaware 19720. In addition, the Court suggests that it may be helpful for Plaintiff to contact Delaware's Department of Health and Social Services at 1-800-372-2022.

## V. CONCLUSION

For the above reasons, the Court will deny the motion for injunctive relief. (D.I. 10) An appropriate Order follows.

May 29, 2020  HONORABLE LEONARD P. STARK
Wilmington, Delaware  UNITED STATES DISTRICT JUDGE